LAWRENCE J. HILTON (STATE BAR NO. 156524)
(lhilton@hewittoneil.com)
WILLIAM E. HALLE (STATE BAR NO. 150686)
JENNIFER SUN (STATE BAR NO. 238942)
HEWITT & O'NEIL LLP
19900 MacArthur Boulevard
Suite 1050
Irvine, California 92612
Telephone: (949) 798-0500
Facsimile: (949) 798-0511

Attorneys for Plaintiffs
STRIKEPOINT TRADING, LLC and
OPTIONEER, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| STRIKEPOINT TRADING, LLC, a California limited liability company; and OPTIONEER, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>AIMEE ELIZABETH SABOLYK, an individual dba INNOVATIVE OPTION STRATEGIES, and GLOBAL ASSET ADVISORS, LLC an Illinois limited liability company, and JOHN MATTHEW MONDRAGON, an individual,<br><br>Defendants | Case No. SACV07-1073 DOC (MLGx)<br><br>**PERMANENT INJUNCTION AGAINST DEFENDANTS AIMEE ELIZABETH SABOLYK AND GLOBAL ASSET ADVISORS, LLC**<br><br>Date:   August 17, 2009<br>Time:   8:30 a.m.<br>Ctrm.:   9D<br><br>Hon. David O. Carter |

H&O: #74723 v1

The Court, having considered Plaintiff STRIKEPOINT TRADING, LLC's Motion for Permanent Injunction, the supporting Memorandum of Points and Authorities, and all other matters of which the Court may properly take judicial notice, as well as all papers filed in opposition and reply, and having heard the arguments of counsel, and finding that good cause exists,

IT IS HEREBY ORDERED as follows:

1. Defendants AIMEE ELIZABETH SABOLYK ("Sabolyk") and GLOBAL ASSET ADVISORS, LLC ("GAA") (collectively, "Defendants"), directly and indirectly, and whether alone or in concert with others, including any agent, representative, officer, or employee of GAA, are hereby enjoined from:

   (a) soliciting any business from, or initiating any further contact or communication with, any clients of Plaintiff (except for the individuals listed in Paragraph 3 of this Order) whom Sabolyk or JOHN MATTHEW MONDRAGON ("Mondragon") served, or whose name became known to them while in the employ of Plaintiff, for the purpose of inviting, encouraging, or requesting the transfer of any accounts from Plaintiff.

2. Defendants, and anyone acting in concert or participation with Defendants, including Defendants' counsel and any agent, employee, officer or representative of GAA, are hereby ordered to return to Plaintiff's Mission Viejo, California office any and all still existing records or information pertaining to Plaintiff's clients which were obtained from Plaintiff, whether in original, copied, computerized, handwritten or any other form, and Defendants are further directed to purge any such information from their possession, custody, or control, within 24 hours of notice to Defendants or their counsel of the entry of the Permanent Injunction; provided, however, that any information so purged shall be printed prior to purging and be returned to Plaintiff. Defendants are not required to purge any information pertaining to the individuals listed in Paragraph 3 of this Order.

1      3.    The parties have stipulated that the following individuals currently have
2  or have had accounts with GAA:
3          (a)    Dan Flaherty;
4          (b)    John Kendall;
5          (c)    James Lohmann;
6          (d)    Stephen Spencer;
7          (e)    Virginia Lohmann;
8          (f)    Fred Lohmann;
9          (g)    Chris Wood;
10         (h)    Michael Kessler;
11         (i)    Tim Smith;
12         (j)    James G. Spencer;
13         (k)    Greg Fasiang;
14         (l)    Dennis Anderson;
15         (m)    Charles Hull;
16         (n)    Martin Clarke;
17         (o)    David Stange;
18         (p)    David Tan;
19         (q)    John MacDonald;
20         (r)    James Meyer;
21         (s)    Duane Riddle; and,
22         (t)    Pramil Kumar.
23     4.    This Order shall expire one calendar year after the date of its entry.

Dated: August 18, 2009

_David O. Carter_____
UNITED STATES DISTRICT JUDGE