**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SA CV 07-1073-DOC(MLGx)                                            Date: January 10, 2012

Title: STRIKEPOINT TRADING, LLC, ET AL. V. AIMEE ELIZABETH SABOLYK, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                        NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER (1) DENYING DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL AND (2) GRANTING PLAINTIFF'S MOTION TO PERMIT REGISTRATION OF JUDGMENT IN ANOTHER DISTRICT

   Before the Court is (1) Defendant Aimee Sabolyk's ("Sabolyk" or "Defendant") motion to stay execution of judgment pending appeal (Dkt. 248) and (2) Plaintiff StrikePoint Trading, LLC's ("StrikePoint" or "Plaintiff") motion to permit registration of judgment in another district pursuant to 28 U.S.C. § 1963 (Dkt. 247).

   The Court finds these matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, these matters are REMOVED from the Court's January 23, 2012 calendar. After considering the moving, opposing, and replying papers thereon, and for the reasons stated below, the Court hereby DENIES Defendant's motion and GRANTS Plaintiff's motion.

   **I.    BACKGROUND**

   StrikePoint is a commodity futures and options brokerage firm located in Mission Viejo, California. Defendant Sabolyk is a former employee of StrikePoint. Sabolyk left StrikePoint and began working for Defendant Global Asset Advisors ("GAA"). GAA is a commodities and futures brokerage company in Chicago, Illinois. StrikePoint filed suit against Sabolyk and GAA alleging misappropriation of trade secrets and breach of contract, based on Defendants' alleged use of proprietary StrikePoint client information, as well as other claims not relevant to these motions. After

the Court granted in part and denied in part Defendants' motion for summary judgment, the remaining claims proceeded to trial. On March 16, 2009, the jury returned its verdict, finding for StrikePoint on both the misappropriation of trade secrets claim and the breach of contract claim. The jury based its verdict on findings that StrikePoint owned the client list at issue, and the list was a trade secret. The jury found that Sabolyk solicited clients from the client list and that Sabolyk and GAA misappropriated the client list. The jury found harm to StrikePoint under both claims and awarded damages on only the breach of contract claim. The damages award consists of $93,000 in lost profits and $9,300 in future profits.

On August 18, 2009, the Court entered a permanent injunction, ordering Sabolyk and GAA to refrain from soliciting or contacting any clients of StrikePoint, who Defendants became aware of as a result of Sabolyk's employment with StrikePoint, for the purpose of getting the clients to transfer their accounts away from StrikePoint (Dkt. 193). The injunction expired one year later.

Defendants appealed the permanent injunction, but by the time oral argument was held, the injunction had expired and the issue was moot. Upon conclusion of the appeal, the Court entered judgment in favor of StrikePoint on August 29, 2011. On September 28, 2011, Sabolyk appealed the Court's entry of judgment. On October 26, 2011, Sabolyk filed an untimely motion for judgment as a matter of law or a new trial, which the Court denied on November 21, 2011. Strikepoint now seeks to register its judgment in Illinois, where it argues Sabolyk has assets. At the same time, Sabolyk seeks to stay execution of the judgment pending her latest appeal.

## II.   Sabolyk's Motion

Under Federal Rule of Civil Procedure 62(d), an appealing party may obtain a stay of execution of the judgment entered against it upon posting a supersedeas bond. Fed. R. Civ. P. 62(d). "District courts have inherent discretionary authority in setting supersedeas bonds[.]" *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). District courts also have the discretion to stay execution of the judgment without requiring a supersedeas bond. *Acacia Research Corp. v. Nat'l Union Fire Ins. Co.*, No. 05-501, 2008 WL 4381649, at *2 (C.D. Cal. Sept. 9, 2008). Before waiving the bond requirement, a court should consider the purpose of requiring a judgment debtor to post a bond, which is "to ensure that the judgment creditor's interests are adequately protected during the appeals process." *FTC v. Inc21.com Corp.*, No. C 10-00022 WHA, 2010 WL 4071664, at *7 (N.D. Cal. Oct. 18, 2010). The judgment debtor must "objectively demonstrate" the reasons the Court should "depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment." *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).

Sabolyk argues that she cannot afford to pay her mortgage, impending law school loans, and living expenses if execution of the judgment is not stayed. She also claims she does not have any assets which may be used to satisfy StrikePoint's judgment because her income is not enough to cover

her expenses as well as pay wage garnishment toward satisfaction of the judgment.  Sabolyk argues if the judgment is executed, she will be forced into bankruptcy, making StrikePoint an unsecured creditor and placing the value of its judgment in danger.

Even taking all of Sabolyk's averments as true, Sabolyk fails to demonstrate why the Court should depart from the usual requirement of making her post a supersedeas bond.  The Court notes that Sabolyk has not offered any alternate or substitute security in lieu of posting the full bond amount.  Sabolyk has not explained how StrikePoint's interests will be protected during the pendency of the appeal if the Court stays execution of the judgment.  Instead, she appears to argue that if execution is not stayed, StrikePoint will be harmed for the worse when she is forced to declare bankruptcy.

The Court declines to allow the threat of a future bankruptcy filing to act as a proxy for an objective measure of whether a creditor's security interests will be adequately protected during appeal.  While current financial hardship is a proper consideration in determining whether to waive the bond requirement, the Court disagrees that maintaining the status quo would better protect StrikePoint's interests during the pendency of the appeal in this case.

In *Inc21.com*, the court declined to waive the supersedeas bond where the defendant's available funds were approximately 20% of the total restitution ordered.  2010 WL 4071664 at *7.  The court concluded that staying the judgment "would risk further depletion of these already limited funds." *Id.*  The court refused to stay execution of the judgment without posting of a supersedeas bond in at least the amount of funds expected to be available (*i.e.*, 20% of the judgment).  *Id.*

The Court finds the concerns raised in *Inc21.com* similar to those presented here.  Sabolyk claims to have very little in the way of assets and her future ability to pay the judgment remains in question.  Staying the judgment would risk further depletion of her limited assets.  Given that no alternative form of security has been offered, and StrikePoint's ability to collect on the judgment may become riskier over time, the Court declines to stay execution of the judgment without any security from Sabolyk.  Accordingly, Sabolyk's motion is DENIED.

### III.    StrikePoint's Motion

Because StrikePoint was unable to find any assets owned by Sabolyk in this district, and because such assets were found in the Northen District of Illinois, StrikePoint seeks to register its judgment in another district.

Pursuant to Local Rule 7-12, "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  Having received no opposition from Sabolyk, the Court deems Sabolyk's failure to file opposition as consent to granting StrikePoint's motion.  Thus, the motion is granted.

The motion is also granted on the merits.

Pending appeal, a judgment is enforceable only in the district in which it is entered unless the issuing Court orders it registered in another district. *Columbia Pictures Indus., Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001). Under 28 U.S.C. § 1963, when a judgment is not yet final (*i.e.*, pending on appeal), for good cause shown, the Court issuing the judgment has discretion to permit registration of the judgment in another district. *See id.* at 1197. "Although there is no Ninth Circuit law defining 'good cause,' the courts that have found good cause have generally based their decisions on an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Id.* at 1197-98 (internal quotation marks omitted).

StrikePoint has found no assets owned by Sabolyk in California. However, StrikePoint has located real estate owned by Sabolyk in Chicago, Illinois, and it appears that Sabolyk is employed in that district as well. *See* Sun Decl., Exs. A-B. Although Sabolyk did not respond to this motion, her motion to stay execution of judgment confirms that she is employed in and owns property in the Northen District of Illinois. The Court finds this sufficient to meet the good cause requirement of § 1963. Accordingly, the Court GRANTS StrikePoint's motion to register the judgment in the Northen District of Illinois.

## IV.   DISPOSITION

For the reasons set forth above, the Court hereby DENIES Sabolyk's motion to stay execution of judgment and GRANTS StrikePoint's motion to permit registration of judgment in the Northen District of Illinois.

The Clerk shall serve this minute order on all parties to the action.