UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUL 10 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STRIKEPOINT TRADING, LLC, a California limited liability company,<br><br>　　　　　Plaintiff - Appellee,<br><br>　and<br><br>OPTIONEER, LLC, a Nevada limited liability company,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AIMEE SABOLYK, an individual, DBA Innovative Option Strategies,<br><br>　　　　　Defendant - Appellant,<br><br>　and<br><br>GLOBAL ASSET ADVISORS, LLC, an Illinois limited liability company and JOHN MATTHEW MONDRAGON,<br><br>　　　　　Defendants. | No. 11-56696<br><br>D.C. No. 8:07-cv-01073-DOC-MLG<br>U.S. District Court for Central California, Santa Ana<br><br>**MANDATE** |



RECEIVED
CLERK, U.S. DISTRICT COURT

7/10/2013

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DLM_____ DEPUTY

　　The judgment of this Court, entered June 17, 2013, takes effect this date.

　　This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Rebecca Lopez
Deputy Clerk


FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STRIKEPOINT TRADING, LLC, a California limited liability company,<br><br>      Plaintiff - Appellee,<br><br>and<br><br>OPTIONEER, LLC, a Nevada limited liability company,<br><br>      Plaintiff,<br><br> v.<br><br>AIMEE SABOLYK, an individual, DBA Innovative Option Strategies,<br><br>      Defendant - Appellant,<br><br>and<br><br>GLOBAL ASSET ADVISORS, LLC, an Illinois limited liability company; JOHN MATTHEW MONDRAGON,<br><br>      Defendants. | No. 11-56696<br><br>D.C. No. 8:07-cv-01073-DOC-MLG<br><br>MEMORANDUM[*] |

---

     [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted June 7, 2013
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and DU, District Judge.[**]

Defendant-Appellant Aimee Sabolyk appeals the district court's denial of her motion for nonsuit and the jury verdict in favor of Plaintiff-Appellee StrikePoint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We construe Sabolyk's motion for nonsuit as a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). *Borunda v. Richmond*, 885 F.2d 1384, 1390 n.7 (9th Cir. 1988); Fed. R. Civ. P. 41(b) advisory committee's notes 1937 adoption. To preserve a challenge to the sufficiency of the evidence to support the verdict, a party must make both a pre-verdict Rule 50(a) motion and a post-verdict Rule 50(b) motion. *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007). Because Sabolyk did not file a timely Rule 50(b) motion, she is procedurally-barred from appealing the sufficiency of the evidence. *Id.* at 1088.

---

[**] The Honorable Miranda Du, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

We decline to consider Sabolyk's argument that her claim on appeal is a pure issue of law that is not subject to the procedural bar of Rule 50. Sabolyk contends that StrikePoint can have no trade-secret property interest in its client list because the client list was obtained by fraud. Even if we were to assume that this is a purely legal question, Sabolyk has not established that this issue was adequately raised before the district court. *Jovanovich v. United States*, 813 F.2d 1035, 1037 (9th Cir. 1987). We will not exercise our discretion to consider this issue for the first time on appeal. *Id.* (identifying the "narrow and discretionary exceptions to the general rule against considering issues for the first time on appeal").

We reject Sabolyk's contention that the jury verdict should be overturned because the non-compete agreement she signed with StrikePoint is unenforceable under California Business and Professional Code § 16600. California law generally prohibits noncompete agreements, but California courts recognize a trade-secret exception to that prohibition. *See Asset Marketing Sys., Inc. v. Gagnon*, 542 F.3d 748, 758 (9th Cir. 2008) ("Under California law, non-competition agreements are unenforceable unless necessary to protect an employer's trade secret.").

We also reject Sabolyk's arguments that other provisions of the contract were invalid and that the jury instructions were improper. Sabolyk has not shown that paragraphs six or seven of the contract were invalid. And even if paragraph seven was invalid, she has not established that the jury instructions incorrectly stated the law or misled the jury to improperly consider paragraph seven, which was not at issue in the case. *See White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002). The Judgment on Special Verdict After Jury Trial shows that the jury found Sabolyk breached the non-compete agreement by soliciting StrikePoint's trade secret clients, implicating paragraph six and not the entire contract.

**AFFIRMED.**